IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00821-SBP

HALINA TOPA,

    Plaintiff,

v.

RICHARD FRECHIN,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff Halina Topa resides in Lakewood, Colorado. She initiated this action *pro se* on March 25, 2024, by filing a Complaint (ECF No. 1). Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 4).

    The Court construes the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons set forth below, Plaintiff will be directed to file an amended Complaint if she wishes to pursue any claims in this action.

**I. The Complaint**

    Plaintiff alleges in the Complaint that she was involved in a long-term relationship with the Defendant who abused her physically and emotionally. She alleges that the Defendant made false and defamatory statements about her to their son, made false accusations of mental illness and abusive behavior in child custody proceedings approximately 20 years ago, and, more

1

recently, initiated baseless legal proceedings against Plaintiff, all of which have caused her significant emotional distress. Plaintiff asserts the following claims for relief: (1) Violation of Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. § 1591; (2) Abuse of Process; (3) Defamation; (4) Breach of Fiduciary Duty; (5) Fraud; (6) Violation of Plaintiff's First Amendment rights, asserted pursuant to 42 U.S.C. § 1983; (7) Violation of the Violence Against Women Act ("VAWA"), 42 U.S.C. § 13971; (8) Violation of Colo. Rev. Stat. § 18-6-800.3 (2023); (9) Assault; (10) Battery; and, (11) Intentional Infliction of Emotional Distress. Plaintiff requests compensatory and punitive damages.

## II. Analysis

### A. Federal Causes of Action

Plaintiff alleges that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because her Complaint asserts claims arising under federal law.

**1. First Amendment Claims**

Plaintiff purports to assert claims under 42 U.S.C. §1983 based on Defendant's alleged violation of her First Amendment rights to free speech and to petition the government for redress of grievances.[1]

"Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter

---

1 The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances." U.S. Const. amend. I.

state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Thus, the only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)).

To satisfy the under-color-of-state-law element, Plaintiff must allege facts to show that she was deprived of a federal right through conduct that is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). In other words,

> the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Id.*

Because the Complaint is devoid of any facts to suggest that Defendant was acting under color of state law when he allegedly violated Plaintiff's First Amendment rights, Plaintiff fails to show an entitlement to relief under § 1983.

Moreover, Plaintiff may not pursue First Amendment claims against Defendant without meeting the requirements of § 1983 because the First Amendment applies only to "governmental action." *Denver Area Educ. Telecommunications Consortium, Inc. v. F.C.C.*, 518 U.S. 727, 737 (1996). *See also See also Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 808 (2019) ("The Free Speech Clause does not prohibit *private* abridgment of speech.") (emphasis in

original); *Tilton v. Richardson*, 6 F.3d 683, 687 (10th Cir. 1993) (recognizing that "[t]he guarantees of the First Amendment run only against the federal government" and against the State, through the Fourteenth Amendment).

### 2. Federal Statutory Claims

#### a. Violation of 18 U.S.C. § 1591 of the TVPA

18 U.S.C. § 1591 was promulgated in 2000 as part of the TVPA, Pub. L. No. 106–386, div. A, § 112(a)(2), 114 Stat. 1464, 1487–88 (Oct. 28, 2000). *See United States v. Duong*, 848 F.3d 928, 932 (10th Cir. 2017). A stated purpose of the TVPA was to "combat trafficking in persons, especially into the sex trade, slavery, and involuntary servitude." 114 Stat. at 1464.

Section 1591 proscribes the following conduct:

(a) Whoever knowingly—

> (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or
>
> (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),

knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C.A. § 1591(a). The term "commercial sex act" means any sex act, on account of which anything of value is given to or received by any person." 18 U.S.C. § 1591(e)(3).

The TVPA provides a private right of action to sex trafficking victims for damages and

4

reasonable attorneys' fees. 18 U.S.C. § 1595(a). However, a civil action under § 1595(a) must be commenced within: "(1) ten years after the cause of action arose"; or "(2) ten years after the victim reaches 18 years of age, if the victim was a minor at the time of the offense." 18 U.S.C. § 1595(c).

In the Complaint, Plaintiff details the numerous violent physical acts and emotional abuse she was subjected to by Defendant over multiple decades, but she does not allege specific facts to show that Defendant caused her to engage in a commercial sex act. (*See* ECF No. 1 at 2-5). *Cf. David v. Weinstein Co. LLC*, 431 F. Supp. 3d 290, 305 (S.D.N.Y. 2019) (denying defendant's motion to dismiss § 1595(a) claim for failure to plead a commercial sex act under the TVPA based on the plaintiff's allegations that she "received something of value in exchange for the sex acts" and Weinstein "knew he would use fraud and/or force to cause Plaintiff to engage in those sex acts."). Absent factual allegations to show that Defendant's conduct was prohibited by § 1591(a), Plaintiff lacks a civil remedy under § 1595(a).

### b. Violation of Violence Against Women Act

Plaintiff does not have a civil remedy against Defendant under the Violence Against Women Act. In *United States v. Morrison*, 529 U.S. 598, 619, 627 (2000), the Supreme Court struck down as unconstitutional the Civil Rights Remedies for Gender-Motivated Violence Act, 42 U.S.C. § 13981, which is the civil liability provision of the Violence Against Women Act of 1994. *See also McCann v. Bryon L. Rosquist, D.C., P.C.*, 13 F. App'x 785 (10th Cir. 2001) (affirming district court's dismissal of action based on Supreme Court's invalidation of statute in *Morrison*).

In short, the Complaint does not allege a viable claim for relief under federal

constitutional or statutory law.

**B. State Law Claims**

Plaintiff asserts several state law claims in the Complaint. Under 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, if all claims over which the Court has original jurisdiction are dismissed, the Court may decline to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3).

The only other basis of federal jurisdiction for Plaintiff's state law claims is the diversity jurisdiction statute, 28 U.S.C. § 1332. Under § 1332 "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States." Diversity jurisdiction exists when there is complete diversity of citizenship between the Plaintiff and each Defendant. *See Newman–Green, Inc. v. Alfonzo– Larrain*, 490 U.S. 826, 829 & n. 1 (1989); *Ravenswood Inv. Co, L.P. v. Avalon Correctional Services*, 651 F.3d 1219, 1233 (10th Cir. 2011). The Complaint must allege facts to satisfy the jurisdictional requirements of § 1332. *See State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1272 (10th Cir.1998).

Plaintiff states in the Complaint that both she and the Defendant are citizens of Colorado. (ECF No. 1, at 1). Because the allegations of the Complaint fail to show affirmatively that there is complete diversity of citizenship between the parties, it appears that the Court lacks diversity jurisdiction over the state law claims under § 1332.

**III. Conclusion**

The Court will afford Plaintiff an opportunity to file an amended pleading that establishes subject matter jurisdiction and shows an entitlement to relief under federal and/or state law.

The Amended Complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." A plaintiff's vague and conclusory allegations that her rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). Thus, "in analyzing the sufficiency of the plaintiff[s'] complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. In order to state a cognizable claim in federal court, "a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

In addition, the Amended Complaint must be submitted on the court-approved General Complaint form, as required by D.C.COLO.LCivR 8.1(a).

Plaintiff is informed that she may choose to contact the Federal Pro Se Clinic at (303) 824-5395 or https://www.cobar.org/cofederalproseclinic for possible assistance in this matter.

**IV. Orders**

For the reasons discussed above, it is

ORDERED that Plaintiff file, **within thirty (30) days from the date of this Order**, an Amended Complaint on the court-approved general Complaint form that complies with the directives in this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the current court-approved General Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Complaint that complies with this Order within the time allowed, the action will be dismissed without further notice for the reasons discussed above.

DATED April 2, 2024.

BY THE COURT:

Susan Prose
United States Magistrate Judge